UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILMER ALONZO CARDOZA GARCIA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MICHAEL W. BANKS, Chief, U.S. Border Patrol; CAMMILLA WAMSLEY, Field Office Director, ICE Seattle Field Office; Director, ICE Spokane Field Office; Director, BP Spokane Field Office; ROBERT NORRIS, Sheriff, Kootenai County, Idaho,<br><br>Respondents. | Case No. 2:26-cv-00069-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Wilmer Alonzo Cardoza Garcia's Amended Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 8); Emergency Motion for Temporary Restraining Order and Stay of Removal (TRO) (Dkt. 2); and Motion for Leave to Serve Document Request (Dkt. 16). For the reasons explained below, the Court denies the Petition and denies the other motions as moot.

## I.    BACKGROUND

Petitioner Wilmer Alonzo Cardoza Garcia, a native of Honduras, first came to the United States in 2017 (Dkt. 8 ¶ 3). Using the name Selvin Gomez-Zambrano, Petitioner was ordered removed by an immigration judge on December 4, 2017, following a hearing on his applications for relief (*id.* ¶¶ 1, 3; Dkt. 13-1 ¶ 5). He was removed from the United States on or about December

12, 2017 (*id.*). On March 21, 2021, Petitioner re-entered the United States (Dkt. 8 ¶ 32; Dkt. 13-1 ¶ 6). On February 4, 2026, U.S. Customs and Border Protection agents seized and detained Petitioner under 8 U.S.C. § 1231(a)(5) (Dkt. 8 ¶ 1; Dkt. 13 at 2). He was then transported to the Kootenai County Jail in Coeur d'Alene, Idaho, where he was later processed for reinstatement of his prior removal order (Dkt. 8 ¶ 10; Dkt. 13-1 ¶ 11). He has since been transferred to the Northwest ICE Processing Center in Tacoma, Washington (Dkt. 8 ¶ 8).

Petitioner contends his detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (Dkt. 8 ¶ 37). Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2). Although Petitioner claims he has a legitimate asylum claim (Dkt. 2 at 6, 8) and that his child was granted asylum as a derivative of the child's mother (Dkt. 8 ¶ 33; Dkt. 2 at 2), he has not had a reasonable fear interview (Dkt. 8 ¶ 4).

The Government challenges the Petition and opposes Petitioner's request for a TRO, arguing that Petitioner is properly detained under 8 U.S.C. § 1231(a)(5) as "an individual who had been previously removed from the United States in 2017" (Dkt. 13 at 2). In support, the Government submits the declaration of the deportation officer assigned to Petitioner's case (Dkt. 13-1).

## II.    ANALYSIS

Before analyzing the substance of the matters, the Court notes that this case differs significantly from most of the cases recently filed in the District of Idaho. *See generally Elias v. Knight*, No. 25-cv-00594-BLW, 2025 WL 3228262 (D. Idaho Nov. 19, 2025); *Guadarrama Ayala v. Henkey*, No. 1-25-cv-00682-AKB, 2025 WL 3754138 (D. Idaho Dec. 29, 2025); *Ricse Mendoza*

MEMORANDUM DECISION AND ORDER – 2

*v. Henkey*, No. 1-26-cv-00020-AKB, 2026 WL 446364 (D. Idaho Feb. 17, 2026). The Court maintains its agreement with the Honorable B. Lynn Winmill's analysis and interpretation of the applicable statutes. That said, this case is factually different and, as explained below, warrants a different result.

"The Immigration and Nationality Act (INA) provides for the expedited removal of an alien who was previously subject to a removal order but returned illegally to the United States." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016) (citing 8 U.S.C. § 1231(a)(5)). Pursuant to § 1231(a)(5), "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." Section 1231(a) applies to detention after the entry of a final order of removal and "governs detention during a ninety-day 'removal period' after the conclusion of removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 530–31 (9th Cir. 2023). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B); *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). Detention is mandatory during the removal period. *Guzman Chavez*, 594 U.S. at 528.

Other than seeking withholding of removal to a particular country, aliens subject to an order of reinstatement cannot seek any other relief. *Id.* at 530. They do not receive a hearing in the immigration court and are prohibited from moving to reopen their prior removal proceedings, from

challenging the original order of removal, or from seeking any other form of discretionary relief. *Id.* at 530–31.

Here, Petitioner's ninety-day removal period began on February 3, 2026—the date his order of removal became administratively final (Dkt. 13 at 5; Dkt. 15 at 3). Accordingly, the removal period will expire on May 4, 2026. As less than ninety days has passed since the removal period began to run, Petitioner's detention is lawful. *See Guzman Chavez*, 594 U.S. at 528 (holding detention is mandatory during the removal period under § 1231(a)).

Although the Amended Petition initially challenged the constitutionality of detention under §§ 1225 and 1226, Petitioner concedes that his detention arises under § 1231 following reinstatement of a prior removal order (Dkt. 8 ¶¶ 37, 44). Petitioner does not dispute that § 1231 authorizes detention during the removal period, does not require a bond hearing, and generally precludes collateral attacks on the reinstated removal order (*id.* ¶ 46). Instead, his remaining arguments concern whether the Government has followed the proper procedures in executing the reinstatement process.

In particular, Petitioner asserts that he has not received a reasonable fear interview despite counsel's request for one (Dkt. 15 at 3). The Government, however, submits a declaration from Petitioner's detention officer stating that Petitioner did not claim fear of removal to Honduras during his intake on February 3, 2026 (Dkt. 13-1 ¶ 8; Dkt. 13 at 7). Even assuming Petitioner later requested such an interview through counsel, the absence of a completed interview at this early stage of detention does not establish that the Government is failing to follow the governing statutory and regulatory framework.

Petitioner also challenges, for the first time in his reply brief, whether the Government properly executed the reinstatement procedures for his prior removal order (Dkt. 15 at 2, 9). The

**MEMORANDUM DECISION AND ORDER – 4**

Supreme Court has described the regulatory process for reinstating a prior removal order as follows: the agency must obtain the alien's prior order of removal; confirm the alien's identity; determine whether the alien's reentry was unauthorized; provide the alien with written notice of its determination; allow the alien to contest that determination; and then reinstate the order. *Guzman Chavez*, 594 U.S. at 530; 8 C.F.R. §§ 241.8(a)–(c), 1241.8(a)–(c). Petitioner claims there is no evidence demonstrating the Government's compliance with the above regulatory scheme, other than the declaration of Detention Officer Benjamin (Dkt. 13-1 ¶¶ 11–14; Dkt. 15 at 9). Petitioner therefore asks the Court to stay his removal or hold the habeas petition in abeyance so that discovery may occur regarding the Government's compliance with the reinstatement procedures (Dkt. 15 at 9–10; Dkt. 16). Petitioner also asserts a potential identity issue, noting that he entered the United States in 2017 under the name Selvin Alexi Gomez-Zambrano (Dkt. 15 at 9)—a fact he previously admitted in his amended petition (Dkt. 8 ¶¶ 1, 3).

These assertions do not demonstrate that Petitioner is presently entitled to habeas relief or injunctive relief. Petitioner has been detained only since February 3, 2026, well within the statutory detention period permitted by § 1231. The Court has no reason to doubt the Government's assertion that it is following the appropriate procedures for reinstating the prior order. Moreover, because Petitioner raised this challenge for the first time in reply, the Government has not had an opportunity to respond to these allegations. In any event, Petitioner has not produced facts showing that the Government has failed to follow the regulatory procedures, and the mere timing of administrative steps—such as issuing the Form I-871[1] or the scheduling of a reasonable fear

---

[1] On March 16, 2026—after briefing on Petitioner's Amended Petition for Habeas Relief and Emergency Motion for Temporary Restraining Order and Stay of Removal was complete—the Government filed its response to Petitioner's Motion for Leave to File Document Request

interview—does not demonstrate noncompliance. Accordingly, Petitioner's procedural challenge does not warrant relief.

Nor has Petitioner shown that extraordinary relief such as a temporary restraining order is warranted. To obtain such relief, a petitioner must demonstrate, among other things, a likelihood of success on the merits and a likelihood of immediate irreparable harm. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Petitioner has made no such showing here. He has not produced sufficient facts to demonstrate that the Government has detained him beyond the statutory period or failed to follow the procedures governing reinstated removal orders. Mere allegations of delay or procedural irregularity, without factual support, are insufficient to meet this burden. *Takiguchi v. MRI Int'l, Inc.*, 611 Fed. App'x 919, 921 (9th Cir. 2015); *see also Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 304 (D.C. Cir. 2006) (emphasizing that "the mere allegation that the government is violating the [Constitution] may suffice to satisfy the irreparable harm prong, but a preliminary injunction will not issue unless the moving party also shows, on the same facts," the rest of the preliminary injunction factors). Absent such a showing, the Court cannot conclude that Petitioner is likely to succeed on the merits of his claims or that injunctive relief is appropriate.

Finally, Petitioner's request for discovery or additional briefing does not alter this conclusion. Petitioner cites no authority permitting discovery in this context, nor does he identify any specific factual dispute that would affect the Court's analysis. Because Petitioner has not plausibly alleged that the Government is violating the statutory detention scheme, discovery is unwarranted.

---

(Dkt. 16), wherein they attach a copy of Petitioner's I-871 Notice of Intent/Decision to Reinstate Prior Order, dated February 3, 2026 (Dkt. 18-2 at 1).

**MEMORANDUM DECISION AND ORDER – 6**

Accordingly, because Petitioner is presently detained pursuant to § 1231 within the applicable statutory period and has not demonstrated a violation of the governing procedures, the petition must be dismissed. Should Petitioner's circumstances materially change—for example, if the Government detains him beyond the statutory period or otherwise fails to follow the procedures governing reinstated removal orders—he may file a new petition.

### III.    ORDER

**IT IS ORDERED that:**

1.    Petitioner's Amended Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 8) is **DENIED WITHOUT PREJUDICE**.

2.    Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal (Dkt. 2) is **DENIED AS MOOT**.

3.    Petitioner's Motion for Leave to Serve Document Request (Dkt. 16) is **DENIED AS MOOT**.

DATED: March 18, 2026

Amanda K. Brailsford
U.S. District Court Judge